NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0484n.06

Case No. 14-5097

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 07, 2014<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RICKY HUNTLEY, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: MOORE, SUTTON, and ALARCÓN, Circuit Judges.[*]

SUTTON, Circuit Judge. Ricky Huntley pled guilty to being a felon in possession of a firearm. The district court calculated his Sentencing Guidelines range based on his two previous felony convictions for crimes of violence. Huntley appeals, arguing that one of those convictions—under Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401—was not for a crime of violence. But we have already held that very statute to be a crime of violence under the Armed Career Criminal Act, *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), and we interpret the Sentencing Guidelines the same way, *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). Huntley concedes *Mitchell*'s controlling force and has appealed solely to preserve

---

[*] The Honorable Arthur L. Alarcón, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

the issue.  *See* App't Br. at 36.  We therefore hold that Tennessee's robbery statute is a crime of

violence under the Sentencing Guidelines too.

We affirm.