NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0605n.06

No. 13-6497

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 07, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| STONEY FREEMAN, JR., | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: COOK and GRIFFIN, Circuit Judges; and RICE, District Judge.[*]

PER CURIAM. Stoney Freeman, Jr. pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a) and (e). The sole question raised in this appeal is whether the district court erred in holding that Freeman's 2008 Tennessee conviction for robbery constituted a "crime of violence" under U.S.S.G. §§ 4B1.2(a) and 2K2.1(a)(4)(A), resulting in a base offense level of 20 and a heightened advisory guidelines range of 46 to 57 months. The district court ultimately imposed a below-guidelines sentence of 40 months' imprisonment.

We review de novo the district court's determination that a prior offense qualifies as a "crime of violence" under the United States Sentencing Guidelines. *United States v. Evans*, 699 F.3d 858, 862 (6th Cir. 2012). Recently, in *United States v. Mitchell*, 743 F.3d 1054 (6th

---

[*]The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

Cir. 2014), *petition for certiorari filed* (U.S. June 18, 2014) (No. 13-10682), our court engaged in a comprehensive analysis of the very same robbery statute at issue here, Tenn. Code Ann. § 39-13-401, and held that it is categorically a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Because "[a] 'crime of violence' under the career-offender provision is interpreted identically to a 'violent felony' under [the] ACCA," *United States v. Johnson*, 707 F.3d 655, 659 n.2 (6th Cir. 2013), *Mitchell* is, as Freeman readily concedes (*see* Appellant's Reply Brief at v.), controlling authority which we are bound to follow. *See United States v. Huntley*, ____ F. App'x ____, 2014 WL 3015020, at *1 (6th Cir. July 7, 2014) (unpublished) (citing "*Mitchell's* controlling force" in holding that Tenn. Code Ann. § 39-13-401 "is a crime of violence under the Sentencing Guidelines too"). Therefore, Freeman's prior conviction was properly deemed a "crime of violence" by the district court, and there was no error in the court's sentencing calculations.

Accordingly, we affirm the district court's judgment.